United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CATHY BURGESS, ELUM BURGESS, and          No. C01-04098 MJJ
     SHELA BURGESS, by and through her guardian
12   ad litem, CATHY BURGESS,                   **ORDER ON SUPPLEMENTAL
                                                BRIEFING**
13                  Plaintiffs,

14        v.

15    HOUSING AUTHORITY OF ALAMEDA
     COUNTY, *et al.*,
16
                    Defendants.
17   _____/

18         Pending before the Court is Defendants County of Alameda, Housing Authority of Alameda

19   County ("ACHA"), Ophelia Basgal, Navdeep Barn, and Donna Payne's (collectively, "Defendants")

20   Motion for Summary Judgment (Doc. #169).  On June 13, 2006, the Court held oral argument on the

21   Motion.  After considering the parties' arguments raised in their briefs and at the hearing, the Court

22   finds that additional briefing is necessary to assist the Court in resolving the pending Motion.

23         Specifically, Plaintiffs have asserted claims for failure to accommodate under both the Fair

24   Housing Act and the Americans with Disabilities Act.  In their Motion, Defendants argue that Plaintiffs'

25   reasonable accommodation claims fail because Plaintiffs cannot establish that Defendants refused to

26   make a necessary accommodation of Ms. Burgess's disability.  Defendants' argument rests primarily

27   on the fact that ACHA granted Ms. Burgess a voucher that allowed her 120 days to find an apartment

28   in Contra Costa County, and then granted her a 60-day extension after that initial period expired.

           Plaintiffs counter that a triable issue of fact exists as to whether an accommodation was

1   necessary to afford Ms. Burgess an equal opportunity to use and enjoy housing and that Defendants

2   refused to provide such accommodation.  Specifically, Plaintiffs frame their argument as follows:

> There is little question, in this case, than an accommodation was necessary - Ms. Barn repeatedly acknowledged that [Ms. Burgess] did not understand the information that was being presented to her, which meant that she needed guidance from the Defendants. [] In other words, in this case, minimal effort was simply not good enough.  Further, an accommodation was necessary for Plaintiff s to use and enjoy a dwelling - the break down of the portability process prevented [Ms. Burgess] from using Section 8 in Concord, and prevented her from obtaining an apartment to use and enjoy.

8   Plaintiffs further assert that, "Specifically, [Ms. Burgess] needed the Defendants to act with sufficient

9   assiduousness to ensure that she understood the process generally, that portability was proceeding

10  smoothly, and that [Ms. Burgess] understood how and when to act."  Although not raised anywhere in

11  their Opposition, at the hearing, Plaintiffs for the first time articulated other specific accommodations

12  they claim were necessary for Ms. Burgess to use and enjoy housing under the Section 8 program.  The

13  Court has considered the parties' competing arguments, legal authority, and evidence that they have

14  cited in support.  Nevertheless, the Court finds that the parties have failed to address Plaintiffs'

15  reasonable accommodations claims in sufficient detail to allow the Court rule on the pending Motion

16  for Summary Judgment with respect to those claims.  The Court therefore presents the following issues

17  to the parties to focus their discussion.

18         The core of Plaintiffs' case is that Defendants' failure to process her Section 8 portability

19  paperwork caused a breakdown in the portability process, preventing her from moving to the Driftwood

20  apartment in Concord, and ultimately causing her and her children to become homeless.  Particularly,

21  the thrust of Plaintiffs' case is that Defendants' failure to send Plaintiff s portability packet to HACCC

22  stymied the portability process.  Thus, as the Court understands Plaintiffs' argument, it was <u>Defendants'</u>

23  alleged failure to adhere to the regulations and policies requiring them to process and transmit certain

24  paperwork necessary for Ms. Burgess to "port out" from Alameda County to Contra Costa County that

25  prevented her from securing Section 8 housing.  Assuming the Court has correctly characterized

26  Plaintiffs' argument, the issue becomes whether there is a connection between the accommodations

27  identified in Plaintiffs' opposition - namely, additional assistance and explanations from ACHA about

28  the portability process - and the alleged reason Plaintiffs could not obtain housing, namely, Defendants'

failure to transmit the portability packet to HACCC.  Stated another way, because Plaintiffs have not argued that Ms. Burgess's disabilities prevented her from completing the portability process, the Court cannot determine how the stated accommodations aid or allow Ms. Burgess to avail herself of housing through the Section 8 portability process.

Overall, the Court is unclear as to the exact accommodations Plaintiffs claim were unlawfully denied and how those accommodation were necessary to enable Ms. Burgess to obtain and/or maintain her Section 8 housing benefits in light of the fact that Plaintiffs are claiming that it was Defendants' failure to act that resulted in the loss of Ms. Burgess's Section 8 voucher.  Without a nexus between the proposed accommodations and the reason why Plaintiffs' were unable to port out, the Court queries how Plaintiffs can maintain a reasonable accommodations claim under either the FHA or the ADA.

To assist the Court in resolving these issues and to clarify Plaintiffs' reasonable accommodation claims, the Court now **ORDERS** as follows:

Plaintiffs shall file a Supplemental Brief, not exceeding 10 pages in length, clarifying their reasonable accommodation claims in light of the issues raised in this Order.  In particular, Plaintiffs shall articulate exactly what accommodations were necessary for Ms. Burgess to obtain housing, in light of the fact that Plaintiffs' position is that it was Defendants' failure to act that prevented Plaintiffs from completing the Section 8 portability process.  Plaintiffs' Supplemental Brief shall be due by June 27, 2006.

Defendants shall file a Responsive Supplemental Brief, not exceeding 10 pages, by July 5, 2006.

**Both parties shall limit their discussion to Plaintiffs' reasonable accommodation claims and the issues raised in this Order**.

**IT IS SO ORDERED.**

Dated: June 19, 2006.

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California