**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   BURGESS,                                          No. C01-04098 MJJ

12            Plaintiff,                      **ORDER DENYING DEFENDANTS'
                                               MOTION FOR RECONSIDERATION**
13      v.

14    HOUSING AUTHORITY OF ALAMEDA
      COUNTY ET AL,
15
              Defendant.
16   _____ /

17          Before the Court is Defendants' Motion For Reconsideration Due To Court's Failure To Rule

18   On Statute Of Limitations Argument Presented In Defendants' Motion For Summary Judgment.

19   (Docket No. 235-2.)[1]   Defendants contend that the Court failed to rule on a dispositive legal argument

20   – a statute of limitations defense to Plaintiffs' section 1983 claims – in its previous order granting in part

21   and denying in part Defendants' motion for summary judgment.   Plaintiffs oppose the Motion.

22          Having reviewed the parties' submissions, the Court finds that Plaintiffs proffered sufficient

23   evidence, creating a triable issue of fact, as to the conduct of Defendants that contributed to Cathy

24   Burgess' ignorance of her claim against Defendants, and as to when Cathy Burgess knew, or should

25   have known, that she had a claim.   These disputed issues of fact, and the reasonable inferences that can

26   be drawn therefrom, dictate the applicability of equitable tolling in this case, and therefore preclude a

27   finding that the statute of limitations bars Cathy Burgess's section 1983 claim as a matter of law.   The

28

[1] On October 11, 2007, the Court granted Defendants leave to file this Motion For Reconsideration.

1   Court disagrees with Defendants that the facts relevant to equitable tolling contained in the Cathy

2   Burgess declaration constitute a "sham affidavit" that must be disregarded.  None of the alleged

3   contradictions that Defendants identify are clear or irreconcilable enough to render the declaration a

4   "sham."

5          The Court also finds that, because the statute of limitations was tolled for Elum and Shela

6   Burgess' claims during their minority, under California Civil Code Section 352, the section 1983 claims

7   brought by these two plaintiffs are timely on the record before the Court.

8          Accordingly, the Court **DENIES** the Motion for Reconsideration.

9   **IT IS SO ORDERED.**

10

11

12  Dated: October 18, 2007

    MARTIN J. JENKINS
13  UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

2